### Fletcher Paul v. The State.

No. 3333.    Decided November 22, 1905.

**Adultery—Insufficiency of Evidence.**

See opinion for evidence held to be insufficient to support a conviction for adultery on the ground that the parties were living together.

Appeal from the County Court of Henderson. Tried below before Hon. J. R. Blades.

Appeal from a conviction for adultery; penalty, a fine of $100.

The opinion states the case.

*Miller & Royall*, for appellant.—Bird v. State, 27 Texas Crim. App., 635; Ledbetter v. State, 21 id., 344; McCabe v. State, 34 Texas Crim. Rep., 418.

*Howard Martin*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—There are many interesting questions suggested by this record, several of which are raised by special

instructions requested by appellant and refused by the court. However, as we understand the evidence, the State has not made out a case. The indictment charges that the adultery was committed by appellant living with Mattie Caldwell, a married woman. The evidence upon which the allegation is sought to be sustained is found mainly in the statement of appellant to witness Hardwick. Hardwick caught appellant in the act of intercourse with the woman in her house. He arrested him, and while en route to the office of the county attorney, had a conversation with him, after the stereotyped warning. He says, "I don't remember the words, but in substance he said, he had been living or boarding, I don't remember which, but that he had been boarding or staying there six or eight weeks (supposedly meaning the house of his paramour, Mattie Caldwell). I don't remember whether defendant said he was boarding or staying there. He did say that he was living there, or boarding there, or staying there, I don't know which he said." This is the strength of the State's case, on the question of the living together of appellant with Mattie Caldwell. Allen testified that appellant slept at his house, and paid him 35 cents a week, as such boarder or for his room-rent, and took his meals at Mattie Caldwell's. We do not believe that this evidence is sufficient to show the parties were living together. The mere fact that a party takes his meals at a house, does not constitute "living together." Where the statute undertakes to fix a residence at all, it makes the criterion where the party sleeps, and not where he takes his meals. We do not believe the evidence is sufficient, and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.